IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|          Plaintiff,          ) | |
|                              ) | |
| v.                           ) | No.  08-10223-02-WEB |
|                              ) | |
| FRANCISCO CALLEROS,          ) | |
|                              ) | |
|          Defendant.          ) | |
|                              ) | |

**<u>Memorandum and Order</u>**

On December 4, 2008, an Indictment was filed charging Francisco Calleros and two co-defendants with unlawful possession with intent to distribute more than 500 grams of a mixture containing cocaine and more than 50 grams of a mixture containing methamphetamine. Doc. 22. On March 23, 2009, the defendant waived indictment and entered a plea of guilty to a two-count Information charging aggravated identity theft, in violation of 18 U.S.C. § 1028A.  Docs. 50, 51. The court accepted this plea of guilty after conducting a Rule 11 hearing. Doc. 51.  The defendant entered into a plea agreement with the Government in connection with the plea of guilty.  Doc. 52.  Sentencing was scheduled for June 8, 2009.

On May 4, 2009, the Supreme Court decided *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (2009), which held that section 1028A requires the Government to prove the defendant knew that the means of identification he possessed in fact belonged to another person.

The court had not informed the defendant at the March 23rd plea hearing of this requirement.  Moreover, the plea agreement and petition to plead guilty both indicated the defendant lacked such knowledge at the time of the alleged offense.  Accordingly, the court

scheduled a hearing on May 29, 2009, to discuss the validity of the defendant's guilty plea. The court informed the parties of its belief that the plea was of guilty was invalid in light of *Flores-Figueroa*. The court stated that it would allow the defendant to withdraw his plea, and that the case would be re-set for trial, with a status/plea hearing set prior to trial.

The parties subsequently entered into additional negotiations, and a second change of plea hearing was scheduled for June 11, 1009. At that the outset of that hearing, the parties indicated their agreement that the prior guilty plea should be withdrawn, and, in light of *Flores-Figueroa*, the court granted the withdrawal of the guilty plea. After further discussion with counsel, the court determined that the matter should be continued to Tuesday, June 16, 2009, at 11:00 a.m., for a status/plea hearing.

IT IS SO ORDERED this   12th   Day of June, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge